[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 25, 2009
THOMAS K. KAHN
CLERK

No. 09-10909
Non-Argument Calendar

_____

D. C. Docket No. 08-20867-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSA VERONICA PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 25, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Rosa Veronica Perez appeals her conviction for aggravated identity theft in Count 2 of the indictment. After review, we vacate Perez's conviction and sentence on Count 2.

A grand jury charged Perez with one count of knowingly and falsely representing that a social security number was assigned to her for the purpose of obtaining an identification document issued by the State of Florida, in violation of 42 U.S.C. § 408(a)(7)(B) (Count 1), and one count of knowingly and willfully using without lawful authority the identification of another person during and in relation to a felony, in violation of 18 U.S.C. § 1028(a)(1) (Count 2).[1]

At a bench trial, the government presented the following stipulated facts. Perez, who was working as a prostitute, received a fraudulent Texas birth certificate and social security card in the name of Dana Renton from a pimp named "Jit Money." In 2006, Perez submitted these fraudulent documents to apply for and obtain a Florida identification card. Dana Renton is a real person.

Following the government's presentation, Perez moved for a judgment of acquittal on Count 2, the aggravated identity theft charge. Perez argued that the government failed to present sufficient evidence that she knew that the identification documents she used belonged to a real person. The district court,

_____

[1]Perez does not challenge her conviction on Count 1 for social security fraud.

relying on United States v. Hurtado, 508 F.3d 603, 607 (11th Cir. 2007), concluded that it need not make a finding as to Perez's knowledge and denied Perez's motion. In Hurtado, this Court held that § 1028A(a)(1) did not require the government to prove that a defendant "knew that the means of identification that he possessed and used belonged to another actual person." Id. at 610. The district court found Perez guilty, and Perez appealed.

On May 4, 2009, shortly after Perez filed this appeal, the Supreme Court issued a decision in Flores-Figueroa v. United States, 556 U.S. ___, ___, 129 S. Ct. 1886, 1894 (2009). Flores-Figueroa overruled Hurtado and held that the government must show that the defendant knew the identification he used belonged to another person to sustain a conviction under § 1028A(a)(1). Flores-Figueroa, 556 U.S. at ___, 129 S. Ct. at 1890, 1894.

On appeal, Perez argues that the stipulated facts are not sufficient to prove beyond a reasonable doubt that she knew the identification she had used belonged to a real person and asks that her § 1028A(a)(1) conviction be vacated and remanded. The government concedes error that is not harmless and agrees that Perez's conviction on Count 2 must be vacated. Accordingly, in light of Flores-Figueroa, we vacate Perez's § 1028A(a)(1) conviction and sentence on Count 2 and remand this case to the district court for the limited purpose of dismissing

3

Count 2 of the indictment.

**VACATED AND REMANDED.**